UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RAYFIELD ERVIN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| } | |
| **v.** } | Case No.: 2:21-cv-00751-MHH |
| } | |
| **RANDALL WOODFIN, et al.,** } | |
| } | |
| **Defendants.** } | |
| } | |
| } | |

## MEMORANDUM OPINION

On June 2, 2020, *pro se* plaintiff Rayfield Ervin filed this lawsuit against Birmingham Mayor Randall Woodfin, a member of Mayor Woodfin's staff, Alabama Attorney General Steve Marshall, and two internal affairs investigators who work for the Birmingham Police Department. (Doc. 1, pp. 2-3).

On June 24, 2021, Magistrate Judge Staci Cornelius issued an order in which she asked Mr. Ervin to show cause in writing why this matter should not be dismissed, given that the events that Mr. Ervin discusses in his complaint seem to have happened more than ten years before Mr. Ervin filed this action and because Mr. Ervin's factual allegations are too vague. (Doc. 4). Judge Cornelius instructed Mr. Ervin to file an amended complaint. (Doc. 4).

Mr. Ervin responded to the Court's order on July 7, 2021 and filed additional information on September 3, 2021 and September 20, 2021. (Docs. 5, 16, 17). The Court has considered Mr. Ervin's initial complaint and his subsequent submissions together. In his response to Judge Cornelius's order, Mr. Ervin explained that he was working for the Birmingham Airport when the event that sparked this litigation occurred. (Doc. 5, p. 1; *see also* Doc. 19, p. 2). The event allegedly involved two Birmingham police officers, one of whom kicked a tooth out of Mr. Ervin's mouth. (Doc. 5, pp. 1, 9). A medical record that Mr. Ervin attached to his original complaint indicates that on February 9, 2007, he had an altercation with officers from BPD's West Precinct. (Doc. 1, p. 8; *see also* Doc. 16, p. 4). Mr. Ervin reported to an emergency room nurse that an officer kicked him in the ribs, and his teeth were knocked loose. (Doc. 1, p. 8; *see also* Doc. 1, p. 5).

Mr. Ervin also attached to his original complaint a "Notice of Complaint" in which he brought to the City of Birmingham's attention his arrest by two Birmingham police officers in March of 2011. The "Notice of Complaint" is not dated. In the Notice of Complaint, Mr. Ervin states that police officers used excessive force when they arrested him. (Doc. 1, p. 9). In his response to Judge Cornelius's order, Mr. Ervin alleges that defendants Woodfin, Fields, Rockett, Thomas, and Marshall knew of unjust conduct and corruption in the Birmingham Police Department and failed to properly investigate. (Doc. 5, pp. 2, 9). Mr. Ervin

also alleges that he has been denied a driver's license for many years. (Doc. 5, pp. 4, 9; Doc. 16, p. 5; Doc. 19, pp. 2-3).

Mr. Ervin contends that the defendants violated his constitutional rights. (Doc. 17, p. 2).[1] Mr. Ervin seeks damages and other relief. (Doc. 1; Doc. 19).

On August 27, 2021, defendants Randall Woodfin, Ed Fields, Johnny Rockett, and Tasha Thomas filed a motion to dismiss. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Woodfin, Fields, Rockett, and Thomas argue that Mr. Ervin has not complied with federal pleading standards and has not stated a claim. (Doc. 13). On October 4, 2021, Attorney General Marshall filed a motion to dismiss. He also relies on Rule 12(b)(6). Mr. Marshall contends that he is immune from Mr. Ervin's claim. (Doc. 18). All defendants contend that this suit is untimely and exceeds the statute of limitations. (Doc. 13, p. 5; Doc. 18, p. 3). Mr. Ervin opposes the defendants' motions to dismiss. (Doc. 19).

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to

---

[1] Because Mr. Ervin asserts that the defendants violated his constitutional rights, the Court assumes that Mr. Ervin asserts his claims pursuant to Section 1983. "Section 1983 allows claims against any person who, acting under color of state law, deprives another of a constitutional or federal statutory right. 42 U.S.C. § 1983." *McGinley v. Fla. Dept. of Highway Safety*, 438 Fed. Appx. 754 (11th Cir. 2011).

survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Keene,* 477 Fed. Appx. at 583.

This is particularly true with respect to *pro se* complaints. Courts must liberally construe *pro se* documents. *Erickson*, 551 U.S. at 94. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed."). *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, the Court "may not serve as de facto counsel for a party, or … rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a district court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A district court must accept well-pled facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

When a plaintiff sues a state employee, the plaintiff must indicate whether he asserts claims against the state defendant in his official capacity or in his individual capacity. Mr. Ervin has not done that. It appears from Mr. Ervin's allegations that he asserts his claims against the state defendant, Attorney General Marshall, in his official capacity for his failure to investigate the BPD. Official capacity suits against state employees essentially are suits against the State of Alabama. The Eleventh Amendment to the United States Constitution prohibits suits against a state by the state's citizens. *See Edelman v. Jordan,* 415 U.S. 651, 653 (1974). Therefore, Mr. Ervin cannot sue Attorney General Marshall in his official capacity.

With respect to the other defendants who are city employees, the Court cannot tell from Mr. Ervin's complaint or his other submissions what constitutional rights Mayor Woodfin, his staff member, and Officers Fields and Rockett allegedly have violated. None of these defendants were involved in Mr. Ervin's arrest. Mr. Ervin's claims against these defendants concern their alleged failure to investigate the BPD officers involved in his arrest many years ago.[2] The Court notes that Mr. Woodfin began his term as Mayor of the City of Birmingham in 2017, long after the events surrounding Mr. Ervin's arrest took place. Mr. Ervin has not explained how Mayor Woodfin or a member of his staff would have been in a position to investigate his arrest in 2007 or 2011. More importantly, case law establishes that Mr. Ervin does not have a constitutional right to compel an investigation of police officers. *See generally Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding no constitutional right to an investigation concerning an excessive force claim); *Otero v. U.S. Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (dismissing petition for writ of mandamus because private citizen cannot compel the investigation and prosecution of another); *Stringer v. Doe*, 503 Fed. Appx. 888, 890–91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law enforcement).

---

[2] A claim against the arresting officers concerning an arrest that occurred more than 10 years ago would be untimely.

The Court does not understand from Mr. Ervin's factual allegations that any of the city defendants is responsible for issuing driver's licenses.[3]  Thus, Mr. Ervin has not stated a claim against Mayor Woodfin, his staff member, or Officers Fields and Rockett for a constitutional violation.

Therefore, by separate order, the Court will dismiss this case without prejudice.  The Court understands that Mr. Ervin has tried for years to get help with his driver's license, and he has tried to address the events surrounding his arrest.  He has not stated claims in this lawsuit that provide a remedy for his concerns.

**DONE** and **ORDERED** this April 4, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] To seek relief relating to his driver's license, Mr. Ervin first must complete all state procedures for challenging the suspension of driver's licenses.  Then, if he does not receive relief through the procedures provided by the State of Alabama, he must sue a proper defendant and assert a proper Section 1983 claim, alleging a specific constitutional violation.